# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS CASTEEL d/b/a JMC FIREARMS, | ) | |
| JMC FIREARMS, LLC, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil No. 18-1198-STA-egb |
| | ) | |
| STEVEN A. KOLB, | ) | |
| Director, Industry Operations, | ) | |
| Bureau of Alcohol, Tobacco | ) | |
| Firearms and Explosives, | ) | |
| | ) | |
| Respondent. | ) | |

### ANSWER TO PETITION FOR JUDICIAL REVIEW OF FFL REVOCATION and DENIAL

Respondent, Steven A. Kolb, Director of Industry Operations for the Bureau of Alcohol, Tobacco, Firearms and Explosives (Respondent or ATF), hereby answers the allegations in the Petition for Judicial Review of FFL Revocation and Denial (the Petition) (Docket Entry (D.E.) 1), as follows:

The unnumbered paragraph under the Petition's caption comprises a summary and characterization of Petitioners' claims to which no response is necessary. To the extent a response is required, Respondent denies the allegations contained in this unnumbered paragraph of the Petition.

### **PARTIES**

1. The allegations in Paragraph 1 of the Petition are admitted.

2. The allegations in Paragraph 2 of the Petition are admitted.

3. The allegations in Paragraph 3 of the Petition are admitted.

**JURISDICTION AND VENUE**

4. Paragraph 4 contains allegations of jurisdiction, which require no response. To the extent a response is necessary, Respondent states that it appears the Court has subject matter jurisdiction.

5. Paragraph 5 contains allegations of venue, which require no response. To the extent a response is necessary, Respondent states that it appears that venue is proper in this district.

**FACTS**

6. The allegations in Paragraph 6 of the Petition are admitted.

7. The allegations in Paragraph 7 of the Petition are admitted.

8. The allegations in Paragraph 8 of the Petition are admitted.

9. The allegations in Paragraph 9 of the Petition are admitted.

10. The allegations in Paragraph 10 of the Petition are admitted.

11. The allegations in Paragraph 11 of the Petition merely constitute Petitioners' characterization of the ATF's August 15, 2018 findings of fact and conclusions of law that support the revocation. The ATF's August 15, 2018 findings of fact and conclusions of law referenced in Paragraph 11 of the Petition speak for themselves and are the best evidence of their contents.

12. The allegations in Paragraph 12 of the Petition merely constitute Petitioners' characterization of the denial of license. The denial of license referenced in Paragraph 12 speaks for itself and is the best evidence of its contents.

**COUNT 1**

13. The allegations in Paragraph 13 of the Petition merely restates prior allegations. To the extent a response is necessary, Respondent denies the allegations.

14. The allegations in Paragraph 14 merely constitutes the Petitioners' characterization of the Final Notice, which speaks for itself and is the best evidence of its contents.

15. The allegations in Paragraph 15 of the Petition are denied. The allegations in footnote 1 of Paragraph 15 of the Petition merely constitutes the Petitioners' characterization of the Final Notice, which speaks for itself and is the best evidence of its contents.

16. The allegations in Paragraph 16 of the Petition are denied.

### COUNT 2

17. The allegations in Paragraph 17 of the Petition merely restates prior allegations. To the extent a response is necessary, Respondent denies the allegations.

18. The allegations in Paragraph 18 merely constitutes the Petitioners' characterization of the Final Notice, which speaks for itself and is the best evidence of its contents.

19. The allegations in Paragraph 19 of the Petition are denied.

### COUNT 3

20. The allegations in Paragraph 20 of the Petition merely restates prior allegations. To the extent a response is necessary, Respondent denies the allegations.

21. The allegations in Paragraph 21 merely constitutes the Petitioners' characterization of the Final Notice, which speaks for itself and is the best evidence of its contents.

22. The allegations in Paragraph 22 of the Petition are denied.

### COUNT 4

23. The allegations in Paragraph 23 of the Petition merely restates prior allegations. To the extent a response is necessary, Respondent denies the allegations.

24. The allegations in Paragraph 24 merely constitutes the Petitioners' characterization of the Final Notice, which speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 of the Petition are denied.

**COUNT 5**

26. The allegations in Paragraph 26 of the Petition merely restates prior allegations. To the extent a response is necessary, Respondent denies the allegations.

27. Respondent admits that ATF has publically available information addressing the FFL revocation process. That public information speaks for itself and is the best evidence of its contents.

28. The allegations in Paragraph 28 of the Petition are denied.

29. The allegations in Paragraph 29 of the Petition are denied.

The unnumbered paragraph following Paragraph 29 of the Petition constitutes a prayer for relief, to which no response is required. To the extent the prayer for relief requires an answer, Respondent denies that Petitioners are entitled to the relief set forth or to any relief whatsoever.

**GENERAL DENIAL**

Any allegation set forth in the Petition not specifically admitted or otherwise qualified by the Respondent is denied.

WHEREFORE, based on the foregoing, Respondent requests:

1. That this matter be set on the Court's administrative track;

2. That the Petition be DISMISSED;

3. That the Court affirm the validity of the challenged agency action(s);

4. That all costs be assessed against the Petitioners; and

5. Such other relief as the Court deems just and proper.

Respectfully submitted,

D. MICHAEL DUNAVANT

s/ Matt Waldrop (GA Bar# 349571)
Matt Waldrop
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
james.waldrop@usdoj.gov

## CERTIFICATE OF SERVICE

I, Matt Waldrop, Assistant U.S. Attorney, certify that the foregoing has been electronically filed on this date. I further certify that to the best of my knowledge, a true and correct copy of the foregoing, along with a Notice of Electronic Filing, will be delivered electronically through the Court's ECF system to Michael Stengel, Attorney for Petitioners, on the 10th day of December, 2018.

s/ Matt Waldrop
Assistant United States Attorney